UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

LORI DEVRIES ,

      Plaintiff,                                         DEMAND FOR JURY TRIAL

-vs-                                               Case No.
                                                   Hon.

WELTMAN, WEINBERG & REIS CO. OF MICHIGAN*,*

      Defendant.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

**Parties**

4. The Plaintiff to this lawsuit resides in Howell, Michigan in Livingston County.

5. Weltman, Weinberg & Reis Co. of Michigan, ("WW&RCOM") is a corporation doing business in Michigan.

**Venue**

6. The transactions and occurrences which give rise to this action occurred in Livingston County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

**General Allegations**

8. On or about April 29, 2011, Plaintiff entered into a consent judgment with Capital One Bank (USA), NA in State of Michigan 53rd District Court Case No. 11-0859-GC.

9. The Defendant, WW&RCOM, continued to collect the debt pursuant to the terms of the consent judgment.

10. Under the terms of the consent judgment, Ms. Devries agreed, *inter alia*, to pay Capital One Bank (USA), NA $300.00 monthly.

11. Under the terms of the consent judgment, Capital One Bank (USA), NA agreed to refrain from executing on the consent judgment (except for judgment liens and tax garnishments), as long as Ms. Devries continued to pay the $300.00 timely.

12. In April of 2011, Ms. Devries arranged with Capital One Bank (USA), NA's debt collector, WW&RCOM, to have $300.00 automatically deducted each month from Ms. Devries' bank account.

13. Ms. Devries made 67 consecutive timely payments of $300.00 through November of 2016;

each payment was made via the automatic deduction by WW&RCOM.

14. At no time did Ms. Devries bank account contain funds insufficient to satisfy the $300.00 payment.

15. On December 23, 2016, when her payment was due, WW&RCOM did not deduct nor attempt to deduct the $300.00 monthly payment in spite of the fact that Ms. Devries' account contained more than enough money to satisfy that payment.

16. WW&RCOM did not contact Ms. Devires on December 23, 2016 informing her that it was refusing to honor its agreement to deduct $300.00 from her account, but rather, on December 30, 2016, WW&RCOM filed a garnishment in the 53rd District Court, executing on her bank account in violation of the consent judgment.

17. WW&RCOM's garnishment emptied the Plaintiff's bank account of $3,862.61, including a $125.00 bank charge.

18. WW&RCOM intentionally failed and refused to take the Plaintiff's December 23, 2016 monthly payment as a pretext for seizing her entire account in violation of §§ d, e, and f of the FDCPA.

19. This garnishment of everything in her account, caused Ms. Devries great financial hardship, embarrassment, frustration, anxiety and humiliation.

20. In February of 2017, WW&RCOM agreed to return $1,900.00 to Ms. Devries of the illegally seized money and continue to abide by the $300.00 monthly payment plan, with the initial payment to be deducted on February 17, 2017.

21. WW&RCOM failed to deduct the $300.00 payment on February 17, 2017 causing Ms. Devries great anxiety as to the very real notion that WW&RCOM wouyld use this as a

pretext to seize her bank account again or execute on her personal property.

22. WW&RCOM must be enjoined from any execution against Ms. Devries accont or her property.

## COUNT I – Fair Debt Collection Practices Act (WW&RCOM)

23. Ms. Devries incorporates the preceding allegations by reference.

24. At all relevant times WW&RCOM – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. WW&RCOM is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. WW&RCOM's foregoing acts in attempting to collect this alleged debt against Ms. Devries constitute violations of the FDCPA.

27. Ms. Devries has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (WW&RCOM)

28. Ms. Devries incorporates the preceding allegations by reference.

29. WW&RCOM is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

30. Ms. Devries is a debtor as that term is defined in M.C.L. § 339.901(f).

31. WW&RCOM's foregoing acts in attempting to collect this alleged debt against Ms. Devries constitute violations of the Occupational Code.

32. Ms. Devries has suffered damages as a result of these violations of the Michigan Occupational Code.

**Demand for Jury Trial**

33. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Ms. Devries requests that the Court:*

a. *Assume jurisdiction over all claims.*

b. *Enjoin further execution against property or accounts during the pendency of this matter.*

c. *Award actual damages.*

d. *Award statutory damages.*

e. *Award statutory costs and attorney fees.*

>Respectfully Submitted,
>
>ADAM G. TAUB & ASSOCIATES
>CONSUMER LAW GROUP, PLC
>
>By:   /s/ Adam G. Taub
>        Adam G. Taub (P48703)
>        Attorney for Lori Devries
>        17200 West 10 Mile Rd. Suite 200
>        Southfield, MI 48075
>        Phone: (248) 746-3790
>        Email: adamgtaub@clgplc.net

Dated: February 20, 2017